Young

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:26-cr- 97 |
| v. | 18 U.S.C. § 641<br>Theft of Government Money<br>(Count 1) |
| Basil Leach, Jr., | |
| *Defendant.* | Forfeiture Allegation |

FILED
OCT 20 2026
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

October 2026 Term – At Richmond, Virginia

**INDICTMENT**

**THE GRAND JURY CHARGES THAT:**

**COUNT ONE**
(Theft of Government Money)

1. From at least on or about April 1, 2020 through at least on or about April 2, 2025, in the Eastern District of Virginia and elsewhere, the defendant, BASIL LEACH, JR, did knowingly and willfully steal, purloin, and convert to his use more than $1,000 of the goods, monies, and property of the United States (that is, Social Security Title II Benefits paid out by the Social Security Administration, an agency of the United States), in violation of Title 18, United States Code, Section 641.

2. BASIL LEACH resided in the Eastern District of Virginia at all times pertinent to the indictment.

3. Social Security Administration Title II Benefits are federal monies paid by the Social Security Administration to aged, blind, and disabled persons who have paid sufficient Federal Insurance Contributions Act ("FICA") taxes into the Social Security program to become eligible for monthly payments upon the finding that those individuals meet all the required

prerequisites of entitlement to those benefits. Social Security benefits cease upon the death of the beneficiary.

4. Prior to September 2011, A.R. lawfully received Social Security Title II Disability Benefits. The Social Security Administration directly deposited A.R.'s funds monthly into a Wells Fargo bank account ending in -3142; A.R. was the sole signatory on the -3142 account.. The defendant, LEACH, was listed as "Payable on Death" on the -3142 account.

5. LEACH resided with A.R. at the time of her death. While not married, LEACH and A.R. held themselves out to the community as husband and wife.

6. On or about September 26, 2011, A.R. died. She was 61 years old. LEACH was 48 years old at the time of A.R.'s death and was not entitled to receive benefits on for A.R., either before or after her death.

7. LEACH did not notify the Social Security Administration of A.R.'s death.

8. Thereafter, as the Social Security Administration was unaware of A.R.'s death, the Social Security Administration continued to deposit Title II Benefits into A.R.'s -3142 Wells Fargo account on a monthly basis for the following 13-plus years. LEACH knowingly and intentionally unlawfully accessed the -3142 account and converted these Social Security benefit funds to his own use through debit transactions and Automated Teller Machine ("ATM") withdrawals. LEACH continued to steal these incoming Social Security benefit funds until on or about April 2, 2025, when the Social Security Administration became aware of the fact of A.R.'s death, and terminated further benefit payments.

9. LEACH accessed A.R.'s -3142 account in over 500 ATM transactions after A.R.'s death, utilizing A.R.'s ATM/debit card and PIN without authorization to withdraw funds under the custody of Wells Fargo.

10. In furtherance of his scheme, LEACH also unlawfully accessed the online portal for A.R.'s Wells Fargo bank account ending in 3142. LEACH utilized his access to the -3142 account's portal to change the mailing address on the -3142 account in April 2020, more than eight years after A.R.'s death, converting the mailing address to the address at which LEACH now resided. This change-of-address action enabled LEACH to divert a new debit card for the -3142 account to his residential address, allowing LEACH to continue stealing the deceased A.R.'s Title II benefits through ATM withdrawals from the -3142 Wells Fargo account.

11. Between on or about September 26, 2011 and April 2, 2025, LEACH willfully stole an aggregate of $146,805.00 in Title II Benefits that were deposited in A.R.'s account following A.R.'s death, knowing and understanding that he was not entitled to those government benefit funds.

(All in violation of Title 18, United States Code, Section 641).

**Forfeiture Allegation**

Pursuant to Rule 32.2(a) Fed. R. Crim. P., the defendant is hereby notified that upon the conviction of the offenses listed in Count One of this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

Property subject to forfeiture includes, but is not limited to:

> The sum of at least $146,805.00, which represents the amount of proceeds the offenses charged in Count One, which sum shall be reduced to a money judgment against the defendants in favor of the United States.

If property subject to forfeiture cannot be located, the United States will seek an order forfeiting substitute assets.

(In accordance with Title 18, United States Code, Section 982(a)(7) and Title 21, United States Code, Section 853(p)).

A TRUE BILL:

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office

TODD W. BLANCHE
ATTORNEY GENERAL

THEOPHANI K. STAMOS
FIRST ASSISTANT UNITED STATES ATTORNEY

James E. C. Leffler
Special Assistant United States Attorney

Robert S. Day
Assistant United States Attorney